IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATLYN NICOLE GORELICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-17-720-STE |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

I.     **PROCEDURAL BACKGROUND**

Ms. Gorelick received supplemental security income based on her disability as a child. (TR. 20). Following Plaintiff's eighteenth birthday, the Social Security Administration determined that Ms. Gorelick was no longer disabled based on a redetermination of

disability. (TR. 23). Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision on the redetermination. (TR. 20-30). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §416.920. The ALJ bypassed step one, as it is not used for re-determining disability when a claimant attains age eighteen. (TR. 21); 20 C.F.R. §416.987(b). At step two, the ALJ determined Ms. Gorelick had severe impairments involving cerebral palsy and mild scoliosis. (TR. 23). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 23).

At step four, the ALJ concluded that although Ms. Gorelick had no past relevant work, she retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) she can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for a total of 2 hours in an 8-hour workday. She can never climb ladders, ropes, or scaffolds. She can never balance. She can frequently climb stairs. She must avoid unprotected heights.

(TR. 23, 28). At step five, the ALJ presented several limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform with her RFC. (TR. 70-75). Given the limitations, the VE identified three

jobs from the Dictionary of Occupational Titles (DOT). (TR. 75-76). The ALJ adopted the testimony of the VE and concluded that Ms. Gorelick was not disabled based on her ability to perform the identified jobs. (TR. 29).

## III. ISSUES PRESENTED

On appeal, Plaintiff alleges errors at steps three and four, as well as in the ALJ's evaluation of Ms. Gorelick's testimony.

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. STEP THREE

Ms. Gorelick alleges that the ALJ erred at step three in considering whether she met Listings 11.04(B) and/or 11.07(D). (ECF Nos. 15:9-10, 21:7-9). According to Plaintiff, the ALJ's step three findings were not supported by substantial evidence in light of an

opinion from examining neurologist, Dr. Yasmeen Ahmed. The Court agrees and also rejects the Commissioner's argument that any error at step three was harmless.

### A. Criteria at Step Three

At step three, the ALJ must determine whether the claimant's impairment is "equivalent to one of a number of listed impairments that the Secretary acknowledged as so severe as to preclude substantial gainful activity." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). If this standard is met, the claimant is considered *per se* disabled. *Knipe v. Heckler*, 755 F.2d 141, 146 (10th Cir. 1985). The question of whether a claimant meets or equals a listed impairment is strictly a medical determination. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990); 20 C.F.R. §§ 416.925(c)(3)-(4); 416.926(b). The claimant has the burden at step three of demonstrating, through medical evidence, that her impairments "meet *all* of the specified medical criteria" contained in a particular listing. *Sullivan v. Zebley*, 493 U.S. at 530 (emphasis in original). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.*

Once the claimant has produced such evidence, the burden is on the ALJ to identify and discuss any relevant listings. *Fisher-Ross*, 431 F.3d 729, 733 n. 3. In doing so, the ALJ must weigh the evidence and make specific findings to support the step three determination. *Clifton*, 79 F.3d at 1009. However, a step three error does not automatically require remand if "confirmed or unchallenged findings made elsewhere in the ALJ's decision" confirm the step three determination under review." *Fischer–Ross*, 431 F.3d at 734. (10th Cir. 2005). If such findings "conclusively preclude Claimant's

qualification under the listings at step three" such that "no reasonable factfinder could conclude otherwise," then any step three error is harmless. *Id.* at 735. If, however, there are no findings that "conclusively negate the possibility" that a claimant can meet a relevant listing, remand is warranted. *Murdock v. Astrue*, 458 F. App'x 702, 704 (10th Cir. 2012).

### B. Dr. Ahmed's Opinion

On February 12, 2016, Dr. Ahmed examined Plaintiff and stated that she had "spastic hemiplegic cerebral palsy" "with left hemiparesis affecting balance [,] coordination [,] and fine motor tasks." (TR. 495-496). A motor strength exam revealed decreased strength on Plaintiff's left side, both upper and lower extremities, and a reflex exam revealed decreased reflexes in Plaintiff's left ankle. (TR. 495, 497). Dr. Ahmed also found that Plaintiff had a mildly abnormal ataxic tandem gait. (TR. 495, 497). As a result, the neurologist stated:

> [Plaintiff] qualifies under [Listing] 11.04-B, a significant and persistent disorganization of motor function in two extremities, resulting in a sustained disturbance of gross and dexterous movements, or gait and station. . . . She also qualifies under 11.07D, Cerebral palsy with disorganization of motor function as described in 11.04B. Her left side extremities do not function like the right.

(TR. 497).

### C. Listings 11.07 and 11.04

Listing 11.07 states that an individual is presumptively disabled if she has cerebral palsy with "[d]isorganization of motor function as described in 11.04(B)." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 11.07(D). Listing 11.04(B), in turn, requires "[s]ignificant

5

and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross or dexterous movements, or gait and station" as described in Listing 11.00(C). 20 C.F.R. Part 404, Subpart P, Appendix 1, § 11.04(B). Listing 11.00(C), in turn, requires "[p]ersistent disorganization of motor function in the form of paresis or paralysis, tremor, or other involuntary movements, ataxia, and sensory disturbances . . .which occur singly or in various combinations[.] . . .The assessment of the impairment depends upon the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 11.00(C).

### D. The ALJ's Discussion of the Relevant Listings

At step three, the ALJ stated that she had considered Listings 1.00 and 11.07 and

> [T]here [were] no findings based on diagnostic, clinical, and/or objective evaluations, including reports of laboratory tests and diagnostic imaging, consistent with the level of severity that meets the criteria under the Listings. As well, no examining or treating physician or medical provider reported findings since the alleged onset date that meet the criteria under the Listings. Further, the impartial medical expert, Dr. Devere, also opined that claimant's impairments did not meet any criteria of 11.07, including 11.07D.

(TR. 23). Dr. Ronald Devere was a non-examining medical expert who had reviewed Ms. Gorelick's medical records, including Dr. Ahmad's opinion, after the hearing. Although Dr. Devere stated that Plaintiff did not meet Listing 11.07, the neurologist did state that Plaintiff has had cerebral palsy since birth involving her upper and lower left limbs, and that she has a "mild balance problem," and that the symptoms were likely to continue indefinitely. (TR. 525).

Although the ALJ did not expressly discuss Dr. Ahmed's opinion at step three, the ALJ did so later, when discussing Plaintiff's RFC. (TR. 27). In doing so, the ALJ recognized that Dr. Ahmed had stated that Ms. Gorelick met Listings 11.04(B) and 11.07(D), but the ALJ afforded the opinion "[l]ittle weight . . . for purposes of both determining whether the claimant meets or equals any listing as well as in determining [Plaintiff's] residual functional capacity." (TR. 27). The ALJ discounted Dr. Ahmad's opinion because she: (1) had only examined Ms. Gorelick once, (2) "did not have a longitudinal picture of [Ms. Gorelick's] medical condition," and (3) "fail[ed] to indicate how [Plaintiff] meets the criteria of either 11.04 (B) or 11.07 (D)." (TR. 27).

The ALJ's first rationale is legitimate,[1] but the second and third rationales are not. Regarding the second rationale, the Court cannot find that it was legitimate because the record is silent on whether Dr. Ahmad had reviewed Plaintiff's medical history. Regarding the third rationale, the Court finds that the neurologist adequately explained the basis for her opinion regarding the presence of the criteria required under Listings 11.04(B) and 11.07(D).

First, Both Listings require: "[s]ignificant and persistent disorganization of motor function in two extremities." 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 11.04(B) and 11.07(D). Dr. Ahmad clearly stated that Ms. Gorelick satisfied this criteria through decreased motor strength and reflexes in her upper and lower left-side extremities. (TR. 497). Next, the Listings require that the "disorganization of motor function in two

---

[1] *See* 20 C.F.R. §416.927(c)(2)(i).

7

extremities" result in a "sustained disturbance of gross or dexterous movements, or gait and station" as described in Listing 11.00(C). 20 C.F.R. Part 404, Subpart P, Appendix 1, § 11.04(B). Listing 11.00(C) requires findings of "[p]ersistent disorganization of motor function in the form of paresis or paralysis, tremor, or other involuntary movements, ataxia, and sensory disturbances . . . which occur singly or in various combinations[.]" 20 C.F.R. Part 404, Subpart P, Appendix 1, § 11.00(C). The Court finds that Dr. Ahmad's opinion supports the criteria in § 11.00(C), and in turn both main listings, because the neurologist noted that Ms. Gorelick had left-sided hemiparesis which affected Plaintiff's balance, coordination, and fine motor tasks and resulted in a mildly abnormal ataxic tandem gait. (TR. 495).

Finally, the Listings state that the ultimate assessment of either Listing "depends upon the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 11.00(C). The Listing does not require a specific finding regarding the "degree of interference," but Dr. Ahmad apparently believed that Plaintiff's impairment met the requisite "degree" required based on her findings: (1) that the paresis affected Plaintiff's balance, coordination, and fine motor skills and (2) that Ms. Gorelick had met both Listings. The ALJ also stated that Dr. Ahmad's description of Ms. Gorelick's gait was "ambiguous," but the Court disagrees- Dr. Ahmad clearly stated that Plaintiff's tandem gait was mildly abnormally ataxic and that she struggled with balance. (TR. 495, 497). At this stage, and based on medical

evidence alone,[2] the Court concludes that Dr. Ahmad's opinion provides a sufficient basis for finding that Plaintiff had satisfied the criteria of both Listings 11.04(B) and 11.07(D). *See Ferency v. Astrue*, No. 10-CV-711 FJS/VEB, 2012 WL 2885426, at *5 (N.D.N.Y. Apr. 30, 2012), *report and recommendation adopted sub nom. Ferency v. Comm'r of Soc. Sec.,* No. 7:10-CV-711 FJS/VEB, 2012 WL 2885492 (N.D.N.Y. July 13, 2012) (remand for error at step three in connection with Listing 11.04 when physician's opinion noted that plaintiff suffered from "weakness and loss of coordination and fine motor skills on the left side.").

### E. Harmlessness

Because Dr. Ahmad's medical opinion provides sufficient evidence which undermines the ALJ's step three finding that Plaintiff had met either Listing 11.04(B) or 11.07(D), the issue then becomes whether the step three error was harmless. *See supra.* As stated, a step three error does not automatically require remand if "confirmed or unchallenged findings made elsewhere in the ALJ's decision" confirm the step three determination under review." *Fischer–Ross,* 431 F.3d at 734. (10th Cir. 2005). If such findings "conclusively preclude Claimant's qualification under the listings at step three" such that "no reasonable factfinder could conclude otherwise," then any step three error is harmless. *Id.* at 735. If, however, there are no findings that "conclusively negate the

---

[2] Findings at step three must be made purely on the medical evidence. *See Larson v. Chater*, 103 F.3d 144 (10th Cir. 1996).

possibility" that a claimant can meet a relevant listing, remand is warranted. *Murdock v. Astrue*, 458 F. App'x 702, 704 (10th Cir. 2012).

The Commissioner essentially argues that any error at step three should be considered harmless, in light of the ALJ's findings at step four, which is where the ALJ actually considered Dr. Ahmad's opinion. *See* ECF No. 16:10 ("It is of no moment that the ALJ engaged in [analyzing Dr. Ahmad's opinion] her RFC finding rather than her step three finding."). At this step, the ALJ considered Plaintiff's testimony to conclude that she failed to meet the requisite "degree of interference with locomotion and/or interference with the use of the fingers, hands, or arms" as contemplated by Listing 11.00(C). In this regard, the ALJ noted Plaintiff's testimony that she:

- "continued to handwrite her school notes and complete her school work without significant difficulty, as she indicated she provides only occasional assistance to her professors in this regard,"
- "is able to drive as needed," and
- can grasp a cup.

(TR. 27). But at the hearing, Plaintiff actually testified that she has a tremor in her hands which she described as occurring "quite frequently," and which renders her handwriting illegible[3]—a fact to which the ALJ himself attested. *See* TR. 54 ("And when you told me that, [regarding Plaintiff's illegible handwriting] I looked quickly to see how your signature looked on the forms that we had you sign, and truly they're not legible."). Ms. Gorelick stated that "several times" she had to interpret her handwriting to her professors who

---

[3] (TR. 49-51, 54, 58).

could not read it. (TR. 54). Plaintiff confirmed that she drove, but only to school and back two days a week,[4] and contrary to the ALJ's statement, Ms. Gorelick testified that she had difficulty grasping a cup. (TR. 55).

Based on Ms. Gorelick's testimony, the Court concludes that the ALJ's rationale for concluding that Plaintiff did not have the requisite "degree of impairment" under Listing 11.00(C) was not supported by substantial evidence. As a result, the Court cannot state that the ALJ's findings at step four "conclusively preclude Claimant's qualification under the listings at step three" such that "no reasonable factfinder could conclude otherwise." *Fischer–Ross,* 431 F.3d at 734. (10th Cir. 2005).

The error is especially critical because Dr. Ahmad's opinion regarding Plaintiff's difficulty with fine motor skills could impact the jobs relied on at step five, all of which require "frequent" handling and fingering. *See* TR. 29; DOT #237.367-046 (telephone quotation clerk); 209.567-014 (food and beverage order clerk); 249.587-018 (document preparer).[5]

## VI.   PLAINTIFF'S REMAINING ALLEGATIONS OF ERROR

Ms. Gorelick also argues: (1) a lack of substantial evidence to support the RFC and (2) error in the credibility analysis. (ECF Nos. 15:5-12, 21:1-5, 7-10). But the Court need

---

[4] (TR. 55-56).
[5] The *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* states that "frequently" involves an activity existing from 1/3 to 2/3 of the time, (U.S. Dept. of Labor 1993) at C–3.

not address these allegations in light of the recommended remand at step three. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on March 13, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE